UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RAFAEL RODRIGUEZ,                              :
                                                              :     **ORDER DISMISSING**
                            Petitioner,        :     **PETITION FOR WRIT OF**
                                                              :     **HABEAS CORPUS**
     -against-                                  :
                                                              :     07 Civ. 9273 (AKH)
UNITED STATES OF AMERICA,              :
                                                              :
                            Respondent.        :
                                                              :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner Rafael Rodriguez, currently an inmate at the Federal Correctional Institution at Fort Dix, New Jersey, brings this petition for habeas corpus pursuant to 28 U.S.C. § 2255, to vacate his sentence imposed by order of this Court. On February 4, 2005, after a jury trial and verdict of guilt of conspiracy to distribute and possess with intent to distribute one kilogram and more of heroine, in violation of 21 U.S.C. § 846, 21 U.S.C. § 812, and 21 U.S.C. § 841((a)(1), and (b)(1) A)), petitioner was sentenced to a prison term of 188 months. Petitioner challenges his sentence on grounds that: (1) his trial and appellate counsel were ineffective; (2) the District Court committed reversible error by instructing the jury on a drug amount not proven at trial; (3) the Court violated the Sixth Amendment by applying a four level enhancement for a leadership role not proven by the jury, and (4) a letter written by Assistant United States Attorney Jessica A. Roth to the Honorable Denise Cote proves that he could not have been in possession of as much as one kilogram or more of heroin.

1

**Background**

**A. Facts Underlying the Conviction**

This case involves importations of heroin. Angel Boscan ("Boscan"), a Venezuelan heroin supplier, supplied heroin hidden in the linings of clothing and the soles of shoes. Giancarlo Occhipinti ("Occhipinti"), a drug courier, was to transport these items from Venezuela to New York, and to deliver them to persons designated over the phone by Angel Boscan, the supplier in Venezuela. Occhipinti was discovered by federal agents en route from Venezuela to New York City, and immediately agreed to cooperate in a controlled delivery.

Occhipinti took a room at the Crown Plaza Hotel in Queens, New York on September 23, 2003, called Boscan, and was instructed to make two separate deliveries: a pair of shorts and a pair of shoes in exchange for $10,000 to petitioner; and a pair of pants and a vest to another buyer.

The next day, at approximately 4:10 p.m., petitioner called Occhipinti and asked him to come to the hotel lobby. Occhipinti met petitioner, escorted him to his room, and delivered the shorts and shoes containing the heroin in the linings and soles. Petitioner told Occhipinti that he would make payment "downstairs." As Occhipinti and petitioner were about to go downstairs, petitioner called his associate Geronimo Nunez ("Nunez"). The DEA arrested petitioner when he left the hotel room, seizing the heroin-laden clothing and shoes, his cellular telephone, beeper, and numerous pieces of paper with names, numbers, and an apparent code written on them. The DEA also arrested Nunez and seized $10,000 from his car. The heroin contained in the shorts and shoes delivered

to petitioner, and the pants and vest intended to be delivered to another, weighed 1.7356 kilograms.

At trial, the Government used the cooperating testimony of three witnesses to prove that petitioner had been involved in drug trafficking before this shipment. Audin Jimenez ("Jimenez"), Vladimir Tavarez-Garcia ("Tavarez-Garcia"), and Lincoln Minaya ("Minaya") testified that petitioner was a primary source of heroin for their organization, mainly from the Dominican Republic, that occasionally, he helped them package the heroin for distribution, and that his nephew, Henry Salcedo ("Salcedo"), acted as petitioner's surrogate when petitioner was out of the country.

Salcedo then was arrested in New Jersey and heroin in his possession was seized, creating financial stress that his mother tried to allay by pressing others who owed money to Salcedo. Lincoln Minaya, who was the object of some of these efforts, testified that he called petitioner and advised him to return to New York to protect his business interests. Petitioner returned and tried to arrange for more shipments of heroin, including the one that was intercepted. Prior to meeting Occhipinti at the Queens hotel, petitioner called his associates and told them a new shipment had arrived and to be prepared to meet to cut and package the heroin.

## B. The Arguments of Error and Procedural Background

Petitioner complains that testimony of drug trafficking prior to March 2003 was inadmissible. He complains also that the government failed to prove the requisite amount of heroin in the seized shipment, for he should not have been charged with the heroin lined into the pants and vest that were intended to be delivered to another buyer.

3

The jury delivered the verdict of guilty on February 4, 2005, finding specifically that petitioner was responsible for more than one kilogram of heroin. At sentencing, I found that petitioner was responsible for one to three kilograms of heroin, not the three to ten kilograms urged by the Government, that he was leader of a conspiracy involving at least five people, and that the Sentencing Guidelines yielded a term of custody of 188 to 235 months. I sentenced petitioner to 188 months of imprisonment finding that just punishment under the considerations presented under 18 U.S.C. § 3553(a).

Petitioner, represented by new counsel, made three arguments of error on appeal: (1) the refusal to admit an exculpatory statement by Salcedo to an investigator; (2) the failure to immunize Salcedo so that he could testify, and (3) the delivery of a <u>falsus in uno</u> charge. Petitioner filed a <u>pro se</u> supplemental brief raising four alleged errors: (1) admitting testimony by the Government's cooperating witnesses about drug trafficking activity with Rodriguez prior to March 2003, (2) thereby constructively amending the indictment; (3) adding four levels to the Sentencing Guidelines because petitioner was an organizer or leader was not found by the jury beyond a reasonable doubt, and (4) insufficient evidence proving at least one kilogram of heroin. On June 27, 2006, the Court of Appeals issued its decision denying all seven claims. <u>United States v. Rodriguez</u>, 186 F. App'x 141 (2d Cir. 2006). Petitioner did not file a petition for writ of <u>certiorari</u> to the United States Supreme Court.

Petitioner then filed a habeas corpus claim with this court pursuant to 28 U.S.C. § 2255, on September 7, 2007. In his habeas petition, petitioner claims that: (1) his trial and appellate counsel were ineffective; (2) the District Court committed reversible error by instructing the jury on a drug amount not proven at trial; (3) the Court violated the

4

Sixth Amendment by applying a four level enhancement for a leadership role not proven by the jury, and (4) a letter written by Assistant United States Attorney Jessica A. Roth ("Roth") to the Honorable Denise Cote proves that he could not have been in possession of even one kilogram of heroin.

**Discussion**

Although petitioner may seek a writ of habeas corpus for Constitutional error, see 28 U.S.C. § 2255, petitioner may not raise claims that were litigated on direct appeal, or could have been litigated on direct appeal. United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001). With small exception, petitioner's habeas corpus writ must be dismissed on that ground alone.

**A. Petitioner's Claims That This Court Committed Reversible Error by Instructing the Jury on a Drug Amount Not Proven at Trial and That This Court Violated His Sixth Amendment Rights by Applying a Four Level Enhancement at Sentencing.**

Petitioner argues that the evidence did not prove at least one kilogram of heroin, as being involved in the conspiracy of which he was charged, but the Court of Appeals reviewed and rejected this argument, and petitioner cannot have it reviewed again. The same is true with regard to the sentencing upward adjustment because of petitioner's leadership participation. These claims have been fully litigated and decided by the Court of Appeals on direct review, and petitioner does not assert any change in the law governing these rulings that would change the outcome of his case. Therefore, these claims are barred from habeas review. Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992).

Petitioner acknowledges this limitation, but asserts that he can bring these claims again under 28 U.S.C. § 2255 because of "cause and prejudice." Petitioner's claim is

5

misguided. The "cause and prejudice" exception applies only to the bar on habeas petitions for petitioners who have failed to raise their claims on direct appeal. Reed v. Farley, 512 U.S. 339, 354 (1994). Petitioners who can show cause for failing to raise a claim on direct appeal and prejudice stemming from that failure will be allowed to raise the claim in a petition for habeas corpus. Id. The exception does not apply where the issues were raised and decided.

**B. Petitioner's Ineffective Assistance of Counsel Claim**

Petitioner asserts that his trial counsel and his counsel on appeal were ineffective. He alleges that trial counsel was ineffective in his failure to prevent the admission of Government's witnesses' testimony about petitioner's prior history of drug dealing and in failing to raise a Booker/Blakely objection at sentencing to the application of the four level sentencing enhancement.[1] He also asserts that his appellate counsel was ineffective for failing to develop these issues on direct appeal. For petitioner to prevail on an ineffective assistance of counsel claim, he must establish: (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's errors must be shown to have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. In evaluating a petitioner's counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "The Sixth Amendment right to effective assistance of counsel also extends to the

---

[1] Blakely v. Washington, held that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. 542 U.S. 296 (2004) (citation omitted).
United States v. Booker, held that Blakely applied to the Federal Sentencing Guidelines, reaffirming its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). 543 U.S. 220 (2005).

6

prosecution of a direct appeal from a judgment of conviction." Brown v. Ebert, No. 05 Civ. 5579, 2006 U.S. Dist. LEXIS 29653, at *10-11 (S.D.N.Y. May 8, 2006) (citing Evitts v. Lucey, 469 U.S. 387, 395-96 (1985)).

**I. Trial Counsel's Performance**

Petitioner censures his trial and appellate counsel for not prevailing on evidence objections. Counsel raised the objections at trial, and was overruled, and argued to the Court of Appeals that the ruling was reversible error. Again, the objection was denied. The same was true with regard to the four level upward adjustments. Counsel cannot be blamed for losing points that are without merit. See Ettoria v. Bennett, 292 F.Supp. 2d 456, 474 (E.D.N.Y. 2003) ("None of the statements and questions appear improper nor is there any reasonable likelihood that a timely objection to the statements would have been sustained. The prosecutor's questions did not deprive petitioner of a fair trial. Defense counsel was not ineffective for having failed to object to them"). Because trial counsel's behavior was not unreasonable, it does not satisfy the first prong of the established Strickland standard. Petitioner's claim is without merit.

**II. Appellate Counsel's Performance**

Under the criteria established in Strickland, petitioner's claim that appellate counsel was unreasonable for failing to raise the issue of the Court's admission of 404(b) evidence and the four level sentencing enhancement on appeal is not "ineffective assistance of counsel." Appellate counsel does not have to raise every nonfrivolous claim on a direct appeal, and can use professional judgment in determining which claims to assert. Brown v. Ebert, 2006 U.S. Dist. LEXIS 29653, at *10-11 (citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). "Further, 'to establish that a habeas petitioner was prejudiced

7

by appellate counsel's failings under the second prong of the Strickland test, the petitioner must establish that there is a reasonable probability that the omitted claim would have been successful before the state's highest court.'" Id. (quoting Rivera v. Conway, 350 F. Supp. 2d 536, 546 (S.D.N.Y. 2004)).

Petitioner's appellate counsel did not raise these claims on direct appeal, but petitioner raised the claims in his pro se supplemental brief. The Court of Appeals considered these claims and rejected them. Appellate counsel's professional decision not to raise these meritless claims cannot be considered deficient under Strickland's first prong. Sanchez v. United States, 2005 U.S. Dist. LEXIS 7555, at *8 ("failure to assert a baseless claim does not fall below an objective standard of reasonableness nor prejudice the defendant"); Fabian v. United States, No. 04 Civ. 1896, 2007 U.S. Dist. LEXIS 63429, at *41 (E.D.N.Y. Aug 28, 2007) (rejecting petitioner's habeas claim holding that petitioner's attorney could not be deemed ineffective for failing to raise a claim for constructive amendment of the indictment because the Court of Appeals, on direct appeal, found that there was no such amendment). In any event, petitioner was not prejudiced by counsel's omission because the claims were considered and rejected by the Court of Appeals.

## C. Assistant United States Attorney Roth's Letter to the Honorable Denise Cote

Petitioner puts forth a letter written in reference to another defendant's habeas petition in a case pending before Judge Denise Cote of the United States District Court for the Southern District of New York, dated January 19, 2007, as evidence that he could not possibly have been in possession of one kilogram of heroin. Assistant United States Attorney Jessica Roth wrote this letter in opposition to Alfredo Mejia's motion pursuant

8

to 28 U.S.C. § 2255. In this letter, Roth describes the amount of heroin seized in the Queens hotel on September 24, 2003, as "approximately 700 grams."

This letter is not pertinent. It was written in regard to the heroin seized from part of the materials brought to New York by Occhipinti. Ramona Montreuil, the chemist who examined the materials seized at the hotel, testified at petitioner's trial that 539.2 grams of heroin were secreted in the lining of the pants and shorts combined, and 530 grams of heroin were secreted in the soles of the shoes. Additional heroin was secreted in the vest. Clearly, the total exceeds one kilogram. All these points were the object of testimony and argument at petitioner's trial, and argued again, and rejected on appeal. This cannot now be argued again under the guise of inadequacy of counsel.

**Conclusion**

The petition for a writ of habeas corpus is denied. I deny a certificate of appealability, for there has been no substantial showing of the denial of a constitutional right. Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk shall mark the case closed.

SO ORDERED.

Dated: New York, New York
July 4, 2008

ALVIN K. HELLERSTEIN
United States District Judge